The Honorable Bill Walters State Senator P. O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your opinion request on the validity of Act 287 of 1985. According to your opinion request, a question has arisen on whether Act 287 of 1985 might be in conflict with certain constitutional provisions which would render it ineffective.
Act 287 of 1985 is codified at 80-5605.1 (Supp. 1985) and provides as follows:
 Any Institution of Higher Education may, at the option of its Board of Trustees, enter into contracts for the hiring of nine month and part-time employees to provide payment of annual salaries on the basis of twelve (12) equal monthly installments. In no case shall the monthly installments under such contracts commence earlier than the first day of the month in which said employee begins work.
It is the opinion of this Office that the provisions of Act 287 of 1985 are not in conflict with the Arkansas Constitution and, in that regard, full effect could be given to its substantive provisions. A problem is created, however, by Ark. Stat. Ann. 80-5602 (Suppl. 1985) which provides that,
The provisions of this Act [80-5601 — 80-5611] shall be applicable to all publicly supported Institutions of Higher Education in this State and shall not supersede the provisions of the General Accounting and Budgetary Procedures Law, the Uniform Classification and Compensation Act, the State Purchasing Law or other fiscal control laws of this State and their successors.
As the memorandum attached to your opinion request reflects, officials from the Department of Finance and Administration and Legislative Audit are concerned that the procedural aspects of Act 287 of 1985 create conflicts with the General Accounting and Budgetary Procedures Law. Specific concerns include prepayment for services not yet rendered and prohibitions against in different fiscal years. With the passage of 2 of Act 287 in 1985, however, any such prohibitions are not superseded. Despite the apparent conflict with these fundamental tenets of state accounting practice, state officials have developed methods which give full effect to the spirit of Act 287 of 1985. Furthermore, this Office has been informed that legislation is being developed to eliminate the conflicts referred to.
Hence, inasmuch as full effect is being given to the spirit of Act 287 of 1985, this Office need not address the specific question of whether there exists in the statutes a conflict with the state's general accounting laws.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair, III.